1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD ROUSAY,

11          Plaintiff,                    No. CIV S-05-1589 LKK KJM PS

12       vs.

13   PAUL CELLUCCI, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is proceeding in this action pro se.  Plaintiff appears to seek relief under

17   42 U.S.C. § 1983 and has requested authority under 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25   § 1915(e)(2).

26          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4    490 U.S. at 327.

5             A complaint, or portion thereof, should only be dismissed for failure to state a

6    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

7    of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

8    Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

9    v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

10   complaint under this standard, the court must accept as true the allegations of the complaint in

11   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

12   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

13   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14            The court finds the allegations in plaintiff's complaint so vague, disconnected and

15   conclusory that it is unable to determine whether the current action is frivolous or fails to state a

16   claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must

17   give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

18   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

19   degree of particularity overt acts in which defendants engaged that support plaintiff's claim.  Id.

20            In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court

21   of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with

22   redundancy, and largely irrelevant.  It consists largely of immaterial background information."

23   The court observed the Federal Rules require that a complaint consist of "simple, concise, and

24   direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form

25   negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

26   /////

2

1    1. Allegation of jurisdiction.

2    2. On June 1, 1936, in a public highway, called Boylston Street, in Boston
     Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who
3    was then crossing said highway.

4    3. As a result plaintiff was thrown down and had his leg broken, and was
     otherwise injured, was prevented from transacting his business, suffered great
5    pain of body and mind, and incurred expenses for medical attention and
     hospitalization in the sum of one thousand dollars.
6
     Wherefore plaintiff demands judgment against defendant in the sum of one
7    thousand dollars.

8    Id.   Plaintiff's complaint suffers from some of the problems outlined in McHenry, which

9    complicates the court's task of screening it.

10          Moreover, certain of plaintiff's allegations appear directed to the actions of local

11   law enforcement.  In Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 694

12   (1978), the Supreme Court held a municipality was not liable under the civil rights act simply

13   because the agency or municipality employed a person who violated a plaintiff's constitutional

14   rights.  The basis for any such claim must be a showing of a governmental policy or custom that

15   was "the moving force" behind the constitutional violation.  City of Oklahoma City v. Tuttle, 471

16   U.S. 808, 820 (1985).    The Ninth Circuit has distilled these pleading requirements for a § 1983

17   action against a municipality:  the plaintiff must show he was deprived of a constitutional right,

18   the municipality has a policy, the policy amounts to deliberate indifference to plaintiff's

19   constitutional rights, and the policy is the moving force behind the constitutional violation.

20   Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).   Plaintiff has pled nothing to connect any

21   alleged violations with any municipal policy, let alone identify the municipalities involved.

22          In addition, plaintiff has not shown how any named defendant was involved

23   specifically in the alleged violations of his rights.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

24   1989) ("liability under section 1983 arises only upon a showing of personal participation by the

25   defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983.");

26   Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection"

1   in section 1983 cases between named defendant and claimed injury); <u>Barren v. Harrington</u>, 152

2   F.3d 1193, 1194-95 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154 (1999) ("A plaintiff must allege

3   facts, not simply conclusions, that show that an individual was personally involved in the

4   deprivation of his civil rights.").

5              Taking into account all of the above, and because plaintiff's complaint does not

6   comply with the requirements of Fed. R. Civ. P. 8(a)(2) in that it does not contain a short and

7   plain statement of allegations, the complaint must be dismissed.  The court will, however, grant

8   leave to file an amended complaint.

9              If plaintiff chooses to amend the complaint, plaintiff must set forth the

10  jurisdictional grounds upon which the federal court's jurisdiction depends.  Federal Rule of Civil

11  Procedure 8(a).  Plaintiff must also allege a proper basis for venue in this district.  Further,

12  plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of

13  plaintiff's federal rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

14             In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

16  amended complaint be complete in itself without reference to any prior pleading.  This is

17  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

18  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22             In accordance with the above, IT IS HEREBY ORDERED that:

23             1.  Plaintiff's request to proceed in forma pauperis is granted;

24             2.  Plaintiff's complaint is dismissed; and

25             3.  Plaintiff is granted thirty days from the date of service of this order to file an

26  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

1  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

2  this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

3  copies of the amended complaint; failure to file an amended complaint in accordance with this

4  order will result in a recommendation that this action be dismissed.

5  DATED:  August 22, 2005.

7  _____
UNITED STATES MAGISTRATE JUDGE

006
rousay.ifp-lta

5