IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ROUSAY,

    Plaintiff,                   No. CIV S-05-1589 LKK KJM PS

    vs.

PAUL CELLUCCI, et al.,

    Defendants.             ORDER

_____/

        Plaintiff has filed an amended complaint. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court, therefore, may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not cure the shortcomings identified in the court's prior order dismissing the original complaint. For example, it still does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2), and does not give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). As he has previously been advised, plaintiff must allege with at least some degree of particularity overt acts in which defendants engaged that support plaintiff's claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to further amend the complaint, plaintiff once again is advised that he must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Plaintiff must also allege a proper basis for venue in this district. Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff again is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

As a model for drafting such a document, plaintiff once again is directed to <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  It consists largely of immaterial background information."  It observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  <u>Id</u>.  As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

<u>Id</u>.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

/////

/////

1    2.  Plaintiff is granted thirty days from the date of service of this order to file a
2 second amended complaint that complies with the requirements of the Federal Rules of Civil
3 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
4 number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file
5 an original and one copy of the amended complaint; failure to file a second amended complaint
6 in accordance with this order will result in a recommendation that this action be dismissed.
7 DATED: October 25, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
rousay2.lta