IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ROUSAY,

       Plaintiff,                      No. CIV S-05-1589 LKK KJM PS

    vs.

PAUL CELLUCCI, et al.,

       Defendants.                <u>ORDER</u>

_____/

       Plaintiff has filed a second amended complaint. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

       As previously noted, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

1  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
2  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
3  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
4  complaint under this standard, the court must accept as true the allegations of the complaint in
5  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
6  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
7  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8        The court finds the allegations in plaintiff's second amended complaint so vague
9  and conclusory that it is unable to determine whether the current action is frivolous or fails to
10  state a claim for relief.  The court has determined that the complaint does not contain a short and
11  plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a
12  flexible pleading policy, a complaint must give fair notice and state the elements of the claim
13  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
14  Plaintiff must allege with at least some degree of particularity overt acts which defendants
15  engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the
16  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
17  however, grant leave one more time to file an amended complaint.

18        Plaintiff has now filed three complaints in this action.  All of the complaints suffer
19  from similar deficiencies but one thing is patently clear: all the complaints fall woefully short of
20  advising the named defendants of the basis of their asserted liability.  Plaintiff has been
21  previously advised of the standards for filing a complaint in federal court.  To guide plaintiff in
22  filing a third amended complaint, if he so chooses, the court will repeat those standards one more
23  time here.

24        If plaintiff chooses to further amend the complaint, plaintiff must set forth the
25  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil
26  Procedure 8(a).  Plaintiff must also allege a proper basis for venue in this district; the second

1 amended complaint in particular contains no allegation that appears support venue.  Further, 2 plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of 3 plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

4     In addition, plaintiff is informed again that the court cannot refer to a prior 5 pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires 6 that an amended complaint be complete in itself without reference to any prior pleading.  This is 7 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. 8 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original 9 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an 10 original complaint, each claim and the involvement of each defendant must be sufficiently 11 alleged.

12     As a model for drafting such a document, plaintiff is directed to McHenry v. 13 Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of Appeal upheld the 14 dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and 15 largely irrelevant.  It consists largely of immaterial background information."  It observed that the 16 Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id.  As 17 a model of concise pleading, the court quoted the standard form negligence complaint from the 18 Appendix to the Federal Rules of Civil Procedure:

19     1. Allegation of jurisdiction.

20     2. On June 1, 1936, in a public highway, called Boylston Street, in Boston
21         Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who
22         was then crossing said highway.

23 /////
24 /////
25 /////
26 /////

Case 2:05-cv-01589-LKK-KJM   Document 9   Filed 12/14/05   Page 4 of 4

> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

<u>Id</u>.

Phrased another way, "Vigorous writing is concise." William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and one copy of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: December 13, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
rousay3.lta