UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ROUSAY,

                Plaintiff,

    v.

PAUL CELLUCCI, et al.

                Defendants.
_____/

NO. CIV. S-05-1589 LKK/KJM PS

O R D E R

      The court is in receipt of plaintiff's brief entitled "objection to order." These objections were filed after this court adopted the magistrate judge's findings and recommendations in the above captioned case. Accordingly, the court will construe the objections as a motion to reconsider this court's November 20, 2006 order adopting the findings and recommendations.

      "Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied,

1

1 508 U.S. 951 (1993)). Although motions to reconsider are directed
2 to the sound discretion of the court, see <u>Kern-Tulare Water Dist.</u>
3 <u>v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986),
4 <u>aff'd in part</u> and <u>rev'd in part</u> on other grounds, 824 F.2d 514 (9th
5 Cir. 1987), <u>cert. denied</u>, 486 U.S. 1015 (1988), considerations of
6 judicial economy weigh heavily in the process.  Thus, Local Rule
7 78-230(k) requires that a party seeking reconsideration of a
8 district court's order must brief the "new or different facts or
9 circumstances . . . which . . . were not shown upon such prior
10 motion, or what other grounds exist for the motion."  Generally
11 speaking, before reconsideration may be granted there must be a
12 change in the controlling law or facts, the need to correct a clear
13 error, or the need to prevent manifest injustice. <u>See</u> <u>Alexander</u>,
14 106 F.3d at 876.
15      In the case at bar, plaintiff fails to explain how there was
16 a change in the controlling law or facts, or a need to correct a
17 clear error.  Plaintiff makes reference to a notice he filed in
18 October 2005.  This notice was not addressed in the magistrate
19 judge's findings and recommendations. Moreover, the October notice
20 fails to set forth the grounds on which plaintiff seeks relief.
21 Accordingly, the court orders as follows:
22     1.   Plaintiff's "Objection to Order" (Doc. 19) is hereby
23          DENIED.
24     IT IS SO ORDERED.
25     DATED: April 25, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT